# Exhibit A

Case 8:21-cv-00556-CJC-JDE   Document 1-1   Filed 03/25/21   Page 2 of 18   Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 12/23/2020 05:02:45 PM.
30-2020-01176052-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  LAW OFFICES OF BRENT A. DUQUE
   Matthew R. Price, SBN 273479
2  Jordan H. Davidoff, SBN 272824
   3300 Irvine Ave., Ste. 225
3  Newport Beach, California 92660
   Tel: (949) 336-1530
4  Fax: (949) 336-4555

5
   Attorneys for Plaintiff,
6  RUBEN TORRES II

7
           SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                      COUNTY OF ORANGE
9

10
   RUBEN TORRES II,                    Case No.: 30-2020-01176052-CU-PO-CJC
11
                Plaintiff,             COMPLAINT FOR DAMAGES: 1)
12                                     NEGLIGENCE AND NEGLIGENT
                                       HIRING/SUPERVISION; 2)
13 vs.                                 NEGLIGENT INFLICTION OF
                                       EMOTIONAL DISTRESS; 3) PREMISES
14                                     LIABILITY; 4) TITLE III OF THE
   DISNEYLAND INTERNATIONAL, INC.,     AMERICANS WITH DISABILITIES
15 DISNEY PARKS, EXPERIENCES AND       ACT (42 U.S.C. 12181 et seq.); 5) UNRUH
   PRODUCTS, INC., THE WALT DISNEY     CIVIL RIGHTS ACT (California Civil
16 COMPANY, WALT DISNEY PARKS AND      Code Section 51 et seq.); 6) CALIFORNIA
   RESORTS, INC. and DOES 1 to 100, Inclusive,  DISABLED PERSONS ACT (California
17                                     Civil Code Section 54 et seq.); and 7)
18              Defendants.            DECLARATORY RELIEF

19                                     Filed: 12/22/20
20
                                       **Assigned for All Purposes**
21                                     Judge Sheila Fell
22

23
       COMES NOW, Plaintiff RUBEN TORRES II (hereinafter, "Plaintiff") with the following
24
   complaint:
25

26

27

28

                                       1
                          **COMPLAINT FOR DAMAGES**

## **PARTIES**

At all times relevant to the subject incident discussed herein, Plaintiff was a resident of the state of California.

At all times relevant to the subject incident discussed herein, DISNEYLAND INTERNATIONAL, INC. (hereinafter, "Defendant" and/or "Disneyland") was a corporate entity operating within the County of Orange, City of Anaheim, state of California.

At all times relevant to the subject incident discussed herein, DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., a California Corporation license no. C3161627, was a corporate entity operating within the County of Orange, City of Anaheim, State of California. (hereinafter, "Defendant" and/or "Disney Parks").

At all times relevant to the subject incident discussed herein, THE WALT DISNEY COMPANY, a California Corporation license No. C0177145, was a corporate entity operating within the County of Orange, City of Anaheim, State of California (hereinafter WALT DISNEY COMPANY).

At all times relevant to the subject incident discussed herein, WALT DISNEY PARKS AND RESORTS, U.S., INC., was a Florida Corporation, operating in CA under license No. C2071367 in the County of Orange, City of Anaheim, state of California (hereinafter WALT DISNEY PARKS).

At all times relevant to the subject incident discussed herein, EMPLOYEE DOE was an employee of DISNEYLAND INTERNATIONAL, DISNEY PARKS, EXPERIENCES AND PRODUCTS, THE WALT DISNEY COMPANY and WALT DISNEY PARKS AND RESORTS, U.S.[1] At all times relevant to the subject incident discussed herein, EMPLOYEE DOE was acting within the course and scope of said employment. At all times relevant to the subject incident discussed herein, EMPLOYEE DOE was a resident of the State of California, County of Orange.

---

[1] Disneyland International, Disney Parks, Experiences and Products, The Walt Disney Company, and Walt Disney Parks and Resorts, U.S. shall be collectively referred to herein as "Disney".

2

**COMPLAINT FOR DAMAGES**

The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff. Plaintiffs is informed and believes, and thereupon alleges, that each of the defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

## GENERAL ALLEGATIONS

On January 1, 2019, Plaintiff attended Disneyland, located at 1313 Disneyland Drive, Anaheim, CA 92802 with his children and fiancé. Upon entering the park, Plaintiff went to Guest Relations in order to obtain disability accommodations. Plaintiff then explained to Disneyland personnel he was blind and suffered from anxiety. Plaintiff was not provided with any specific pass, card, document, or item which would have provided notice to other individuals in the park, including but not limited to staff, employees, agents, or otherwise, that Plaintiff was blind and suffered from anxiety. Instead, Plaintiff was instructed by Disneyland employee, including but not limited to DOE 1, that Plaintiff should speak with Disneyland "cast members" at the exit point of each attraction for assistance. On information and belief, the withholding by Disneyland

3

employees of what is commonly referred to as a Disability Access Service Card (DAS Card) was in direct contravention of written Disney policies requiring that individuals, particularly those with blindness and/or anxiety disorder, who cannot wait in a traditional queue environment due to their disability.

Plaintiff thereafter went to Space Mountain and approached a staff member. The Disneyland staffer informed Plaintiff to wait for further assistance. At that time, another Disneyland staff member approached Plaintiff. Plaintiff again was forced to explain that he was blind and suffered from anxiety, as he had not been provided with proper documentation by Disneyland staff upon entrance to the park. Plaintiff further explained he had difficulty navigating lines in the park due to him being blind, and that being in noisy crowds increased his anxiety. Eventually, the Disneyland staff member marked Plaintiff's pass membership and told Plaintiff to return to the Space Mountain ride at 9:00 p.m.

Plaintiff returned to Space Mountain at approximately 9:00 p.m. and provided a different cast member with his membership pass. This Disneyland staff member told Plaintiff they would warn other cast members he was approaching, and that Plaintiff was blind. Plaintiff was also told Disneyland staff would help Plaintiff get on and off from the Space Mountain ride. Plaintiff made his way through the line with the help of his fiancé.

As Plaintiff approached the front of line, he was approached by another Disneyland Cast Member, EMPLOYEE DOE, who told Plaintiff she would help him get onto the ride. At all times mentioned herein, EMPLOYEE DOE was acting in the course and scope of EMPLOYEE DOE's employment with Disney. Plaintiff told EMPLOYEE DOE he was blind. EMPLOYEE DOE told Plaintiff it was safe to proceed forward, so Plaintiff started to walk forward. EMPLOYEE DOE failed to provide Plaintiff with any further assistance other than telling him to proceed forward. In addition, EMPLOYEE DOE physically distanced herself from Plaintiff, leaving him unable to perceive his location relative to the ride in question that his family had seemingly just boarded. Assuming that EMPLOYEE DOE had guided him to the appropriate spot for him to

4
**COMPLAINT FOR DAMAGES**

1   enter the ride, and based entirely on the guidance described herein, Plaintiff began to try and step

2   into the passenger compartment for the Space Mountain passenger conveyance.

3      As Plaintiff began to step forward, literally into his own personal black abyss, he fell

4   forward, dropping three or more feet down onto the track of the ride, landing on his side and low

5   back.  Disoriented and confused as to what had just happened, Plaintiff began feeling around,

6   unmistakably noticing that he was in fact laying directly in front of the train and on the tracks.

7   Moments prior, he had heard the ride operator announce that all riders must take their seats as the

8   train would be departing the station.  He began to panic.  He believed that at any moment, the

9   train would lurch forward and kill him there upon the tracks.  It was then that he heard the rush

10   of Disney employees coming to the scene with supervisors then demanding to know how it is that

11   he ended up on the tracks, seemingly blaming a blind man for somehow missing the entrance to

12   the ride.

13      Defendant's conduct was the sole and proximate cause of all Plaintiff's injuries and

14   damages described herein. The aforementioned incident caused severe injury to Plaintiff.

15   

16   ### FIRST CAUSE OF ACTION – NEGLIGENCE/NEGLIGENT HIRING AND

17   ### SUPERVISION:

18   *Against Defendant DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS,*

19   *EXPERIENCES AND PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT*

20   *DISNEY PARKS AND RESORTS, INC.. and Does 1-100, Inclusive*

21      Plaintiff sets for the entirety of the factual allegations above as though fully set forth

22   herein.

23      Plaintiff was a customer who paid to use Defendants' premises, facilities, and

24   transportation. Thus, Defendants owed Plaintiff a duty of care as an invitee because Defendants

25   owned, possessed, maintained, operated, supervised, managed, and controlled Disneyland in such

26   a manner as to cause or permit that area to be in a dangerous, unsafe and hazardous condition for

27   people with visual disabilities, thereby causing Plaintiff's injuries.

28   

5

**COMPLAINT FOR DAMAGES**

Defendants negligently lacked sufficient and effective policies and procedures regarding the loading and unloading of persons with visual disabilities and/or adequate employee training.

Defendants' breached their duties of care by at least the following actions, failures, and omissions:

- Operating and permitting the operation of amusement park attractions, including but not limited to the "Space Mountain," even though it lacked the proper practices and procedures regarding the safe loading and unloading of persons with visual disabilities from the ride;

- Failing to adequately train agents of Defendant(s) as to proper emergency procedures of persons with visual disabilities in order to ensure swift and efficient assistance in the event of a catastrophe such as this;

- Operating and permitting the operation of amusement park attractions, including but not limited to the "Space Mountain" ride, without adequate warnings or cautions of the potential dangers to persons with visual disabilities.

- Failing to use due care and reasonable caution in assisting persons with disabilities on and off of attractions including but not limited to "Space Mountain" on the date and time in question

As a direct and proximate result of Defendants' breach of their duties of care, Plaintiff sustained severe, permanent and disabling injuries, physical pain, and significant emotional suffering.

As a proximate result of the negligence of Defendants, Plaintiff was forced to incur expenses for medical care and treatment for himself. Also, Plaintiff is informed and believes, and therefore alleges, that he will incur such further expenses in the future, all to his damage in a sum not at this time ascertained; and, leave of court will be asked to insert this figure at the time of trial.

**SECOND CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

*Against Defendant DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS, INC.. and Does 1-100, Inclusive*

Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

Defendants were negligent as more particularly described hereinabove, including but not limited to Defendants' failure to adhere to its own policies, procedures, training of employees, etc.

Defendants' negligence is exemplified by Plaintiffs' experience on the "Space Mountain" ride at Disneyland, which was a cause of severe injury to Plaintiff.

After falling onto the tracks of the "Space Mountain" ride, Plaintiff suffered extreme emotional distress, fearing that he was going to die.

Plaintiff felt anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame as he lay on the tracks waiting for the ride to run him over.

Plaintiff is informed and believes, and based thereon allege, that he continues to incur various losses and expenses, the exact nature and amount of which Plaintiff does not know at this time. Plaintiff will amend this Complaint to state such amounts when the same have become known to Plaintiff or will offer proof thereof at the time of trial.

**THIRD CAUSE OF ACTION – PREMISES LIABILITY**

*Against Defendant DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS, INC.. and Does 1-100, Inclusive*

Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

7

**COMPLAINT FOR DAMAGES**

1    "THIS PROPERTY" refers to Disneyland where this incident occurred and, particularly,
2    the "Space Mountain" ride.
3        At all times herein mentioned, Defendants were the Owners and Operators of THIS
4    PROPERTY.
5        At all times herein mentioned, Defendants were the Lessor of THIS PROPERTY.
6        At all times herein mentioned, the persons acting as the Managers and Maintainers of
7    THIS PROPERTY were doing so with the knowledge, permission, and consent of Defendants.
8        At all times herein mentioned, the persons acting as the Managers, Maintainers, and
9    Lessors of THIS PROPERTY were the agent, servant, and employee of and acting within the
10   course and scope of said agency and employed by Defendants.
11
12       At said time and place, Defendants proximately caused damages to said Plaintiffs by
13   negligently, wantonly, recklessly, tortiously, and unlawfully:
14       • Entrusting, permitting, managing, maintaining, servicing, repairing, inspecting,
15         testing, controlling and operating THIS PROPERTY;
16       • Designing, constructing and owning THIS PROPERTY;
17       • Instructing others regarding THIS PROPERTY and its use, maintenance, care
18         and operation;
19       • Failing to warn, instruct, advice, protect and guard users regarding THIS
20         PROPERTY; and,
21       • Conducting themselves with reference to THIS PROPERTY and to Plaintiff, so
22         as to cause THIS PROPERTY to be in a dangerous, defective, hazardous, and
23         unsafe condition and to proximately cause damages to Plaintiff while the
24         attempted to board the ride on the "Space Mountain" ride.
25       As a proximate result thereof this Plaintiffs have had and in the future will have pain,
26   suffering, worry, and anxiety, all to Plaintiffs' general damages in an amount according to proof.
27
28

8
**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION – TITLE III OF THE AMERICANS WITH
## DISABILITIES ACT (42 U.S.C. Section 12181 *et seq.*)
### *Against Defendant DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS,*
### *EXPERIENCES AND PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT*
### *DISNEY PARKS AND RESORTS, INC., and Does 1-100, Inclusive*

Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

The ADA provides, *inter alia,* that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation..." 42 U.S.C. § 12182(a).

Under the ADA, it is discriminatory "to subject an individual or class of individuals on the basis of a disability ... to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

The ADA further provides that it is discriminatory "to afford an individual or class of individuals, on the basis of a disability... with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

9

**COMPLAINT FOR DAMAGES**

1   The ADA further prohibits "a failure to remove architectural barriers, and communication
2   barriers that are structural in nature, in existing facilities... where such removal is readily
3   achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

4   The ADA prohibits "a failure to make reasonable modifications in policies, practices, or
5   procedures, when such modifications are necessary to afford such goods, services, facilities,
6   privileges, advantages, or accommodations to individuals with disabilities ...." 42 U.S.C. §
7   12182(b)(2)(A)(ii).

8   Defendants' acts and omissions alleged herein are in violation of the ADA, 42 U.S.C.
9   sections 12181 *et seq.*; and the regulations promulgated thereunder.

10   Defendant owns and operates a place of public accommodation, Disneyland, which is
11   covered by Title III of the ADA. 42 U.S.C. § 12181(7)(I).

12   
13   Plaintiff Ruben Torres II is a person with a visual disability and, thus, is specifically
14   protected under the ADA. 42 U.S.C. § 12102(2); and 28 C.F.R. § 36.104.

15   Defendants' DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS,
16   EXPERIENCES AND PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT DISNEY
17   PARKS AND RESORTS, INC.'s conduct constitutes multiple ongoing and continuous violations
18   of the ADA, and unless restrained from doing so, Disneyland will continue to violate said law.
19   Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate
20   remedy at law. Consequently, Plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188.

21   Plaintiffs is also entitled to reasonable attorneys' fees and costs pursuant to the ADA. 42
22   U.S.C. § 12205.

23   **FIFTH CAUSE OF ACTION – UNRUH CIVIL RIGHTS ACT (California Civil
24   Code section 51 *et seq.*)**

25   *Against Defendant DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS,
26   EXPERIENCES AND PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT
27   DISNEY PARKS AND RESORTS, INC. and Does 1-100, Inclusive*

28

10

**COMPLAINT FOR DAMAGES**

1       Plaintiff incorporates by reference each and every allegation contained in the foregoing

2 paragraphs.

3       California's Unruh Civil Rights Act prohibits discrimination against individuals with

4 disabilities and also prohibits discrimination based on a person's disability. Section 51 of the

5 California Civil Code provides, in relevant part:

6       All persons within the jurisdiction of this state are free and equal, and no matter

7       what their ... disability ... are entitled to the full and equal accommodations,

8       advantages, facilities, privileges, or services in all business establishments of every

9       kind whatsoever. Cal. Civ. Code § 51(b).

10       The Unruh Act provides that "[a] violation of the right of any individual under the

11 Americans with Disabilities Act ... shall also constitute a violation of this section. Cal. Civ. Code

12 § 51(f).

13

14       As set forth above, Disney Defendants discriminated against Plaintiff based on his

15 disability by instituting policies that discriminate against people with visual disabilities.

16       Disney's actions constitute a violation of, among other laws, the Americans with

17 Disabilities Act.

18       Plaintiff's visual disability limits a major life activity; thus, he is protected under the

19 Unruh Civil Rights Act. Cal. Civ. Code § 51(e)(1); Cal. Gov't. Code §12926(k).

20       Disneyland is a business establishment regulated by the Unruh Civil Rights Act. Cal. Civ.

21 Code § 51(b).

22       As a direct and proximate result of Disney's conduct, Plaintiff has suffered damages.

23       As such, the named Plaintiff is entitled to general and special damages *and any* amount

24 that may be determined by a jury, or a court sitting without a jury up to a maximum of three times

25 the amount of actual damage but in no case less than four thousand dollars ($4,000) for each and

26 every offense. Cal. Civ. Code § 52(a), (e). Plaintiff is also entitled to his attorneys' fees. Cal. Civ.

27 Code § 52(a)(3).

28

11
**COMPLAINT FOR DAMAGES**

1    Plaintiff is also entitled to declaratory and injunctive relief and attorneys' fees. Cal. Civ.

2    Code § 52.1(b).

3    ### SIXTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA CIVIL CODE

4    ### SECTION 54, ET SEQ.

5    *Against DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS, EXPERIENCES AND*

6    *PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND*

7    *RESORTS, INC. and Does 1-100, Inclusive*

8    Plaintiff incorporates by reference each and every allegation contained in the foregoing

9    paragraphs.

10

11    California Civil Code § 54.1(a) provides that "[i]ndividuals with disabilities shall be

12    entitled to full and equal access, as other as other members of the general public, to

13    accommodations, advantages, facilities, medical facilities, including ... transportation (whether

14    private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities,

15    adoption agencies, private schools, hotels, lodging places, places of public accommodation,

16    amusement, or resort,"

17    Plaintiff is a person with disabilities within the meaning of California Civil Code §

18    54(b)(1) and California Government Code § 12926.

19    Defendants provide public services within the meaning of § 54 et seq.

20    By failing to provide reasonable and equal accommodations to Plaintiff in light of, and

21    based upon, Plaintiff's disabilities, Defendants have deprived Plaintiff of his right to have full and

22    free use of public services, and therefore violate California Civil Code § 54.

23    Under California Civil Code § 54(c), a violation of the ADA also constitutes a violation

24    of California Civil Code § 54 et seq.

25    For all the reasons outlined above, Defendants violated the rights of Plaintiff under the

26    Americans with Disabilities Act, and therefore violated California Code § 54.

27    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and

28    continues to suffer humiliation, hardship, anxiety and indignity.

12

**COMPLAINT FOR DAMAGES**

1    Under California Civil Code § 54 *et. seq.*, Plaintiff is entitled to injunctive relief, and

2  attorneys' fees and costs.

3    Plaintiff also seeks an award of damages. Plaintiff is entitled to damages, including, but

4  not limited to, statutory damages in an amount up to a maximum of three times the amount of his

5  actual damages. Cal. Civ. Code § 54.3.

6  ### SEVENTH CAUSE OF ACTION - DECLARATORY RELIEF

7  *Against DISNEYLAND INTERNATIONAL, INC., DISNEY PARKS, EXPERIENCES AND*

8  *PRODUCTS, INC., THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND*

9  *RESORTS, INC. and Does 1-100, Inclusive*

10    Plaintiff incorporates by reference each and every allegation contained in the foregoing

11  paragraphs.

12    Plaintiff is informed and believes, and therefore contends, that Defendants deny that

13  Defendants failed to comply with applicable law prohibiting discrimination against persons with

14

15  visual disabilities and are in violation of various civil rights statutes and the California Business

16  and Professions Code.

17    In addition, Plaintiff is informed and believes, and therefore contends, that Defendants

18  deny that its practice and policies regarding the loading and unloading of rides and attractions and

19  its policies and procedures regarding the loading and unloading of persons with disabilities

20  policies, or lack thereof, are in violation of public policy.

21    A judicial declaration is necessary and appropriate at this time in order that each of the

22  parties may know their respective rights and duties and act accordingly.

23  ### PRAYER

24    WHEREFORE, Plaintiff has suffered grievous and permanent injury as a direct and

25  proximate result of the actions complained of herein, and therefore seeks to recover the

26  following:

27

28

13

**COMPLAINT FOR DAMAGES**

1. Declaring that Defendants violated Title III of the ADA and its implementing regulations, the Unruh Civil Rights Act, and the California Disabled Persons Act by failing to provide full and equal enjoyment of their goods and services to Plaintiffs;

2. Granting a permanent injunction directing Defendants to alter their policies, practices and procedures, including employee training, to ensure that it affords full and equal enjoyment of its goods and services for people with disabilities, including Plaintiff, as required by the ADA and the Unruh Civil Rights Act, including, but not limited to ensuring appropriate policies and procedures regarding loading and unloading of rides for persons with disabilities;

3. Granting a permanent injunction:

   a. Ordering that Defendants retain a neutral outside expert to review their loading and unloading of ride plans and develop necessary policies and procedures to ensure that such plans address the needs of people with visual disabilities;

   b. Ordering that Defendants, with the assistance of a neutral outside expert, implement a certification process to properly train Disneyland personnel, with regards to the loading and unloading of individuals with visual disabilities as to any and all areas within the Disneyland theme park;

   c. Ordering that Defendants, with the assistance of a neutral outside expert, implement a disability sensitivity training program for all Disneyland officers and staff, including but not limited to Defendants' general claims personnel and disability claims personnel, Defendants' medical response team, Defendants' Disney character employees, and Defendants' ride/attraction operators and employees;

4. Any and all economic damages incurred as a result of the subject incident in an amount to be determined at the time of trial;

5. Awarding Plaintiff such additional amounts as may be determined at trial, up to a maximum of three times the amount of actual damages, but in no case less than four

14

**COMPLAINT FOR DAMAGES**

thousand dollars ($4,000) for each violation of California Civil Code section 51, as provided by California Civil Code section 52;

6. Awarding Plaintiff such additional amounts as may be determined at trial, up to a maximum of three times the amount of actual damages, but in no case less than one thousand dollars ($1,000) for each violation of California Civil Code section 54, as provided by California Civil Code section 54.3(a);

7. Any and all non-economic damages incurred as a result of the subject incident in an amount to be determined at the time of trial;

8. Awarding Plaintiffs' attorneys' fees and all costs incurred by bringing this action under all applicable laws;

9. Any other award that this Court deems appropriate

10. Pursuant to the Seventh Amendment of the United States Constitution, a trial by jury.

DATED:  December 21, 2020

LAW OFFICES OF BRENT A. DUQUE

By: _____
Matthew R. Price, Esq.
Jordan H. Davidoff, Esq.
Attorneys for Plaintiff,
RUBEN TORRES II

15

**COMPLAINT FOR DAMAGES**

Electronically Filed by Superior Court of California, County of Orange, 12/23/2020 05:02:45 PM.
30-2020-01176052-CU-PO-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Matthew R. Price (SBN 273479)<br>Law Offices of Brent A. Duque<br>3300 Irvine Avenue, Ste. 225<br>Newport Beach CA 92660<br>TELEPHONE NO.: 949-336-1530    FAX NO.: 949-336-4555<br>ATTORNEY FOR *(Name)*: Ruben Torres II | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS: 700 West Civic Center Drive
CITY AND ZIP CODE: Santa Ana CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Ruben Torres II v. Disneyland International, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2020-01176052-CU-PO-CJC |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Sheila Fell<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify)*:  7

5. This case [ ] is [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12-21-2020
Matthew R. Price, Esq.
_____    _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2